# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. ACTION 13-0116-WS |
| | ) |
| CHAD LAUREN CLOUD, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion in limine and to strike. (Doc. 26). The government has filed a response, (Doc. 28), and the motion is ripe for resolution.

The defendant is charged in Count One with possessing and attempting to possess, knowingly and with intent to defraud, fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). It is charged that each of the 34 access device cards alleged in Count One (all of which are gift cards or debit cards) had been re-encoded so that the account number embossed on the face of the card did not match the card's encoded account number. The defendant is charged in Count Two with knowingly transferring, possessing and using without lawful authority a means of identification of another person (specifically, credit card account numbers) during and in relation to the crime set forth in Count One, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 1).

The government has given the defendant notice that it intends to introduce as Rule 404(b) evidence three prior episodes in which the defendant was charged under Georgia law in connection with his use of re-encoded gift cards. (Doc. 23). The defendant argues this material is not proper 404(b) evidence, that the evidence should be excluded under Rules 402 and 403, and that the government's disclosure of its intent to use this evidence was untimely.

In order for the government's evidence to be admissible under Rule 404(b), three requirements must be met: (1) the evidence must be relevant to some issue other than character; (2) there must be sufficient evidence for the jury to find the extrinsic act was committed; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005); *accord United States v. Cochran*, 683 F.3d 1314, 1321 (11th Cir. 2012). The defendant challenges the first and third prongs. (Doc. 26 at 2-3).

Among the permitted uses of extrinsic evidence is to prove the defendant's knowledge. Fed. R. Civ. P. 404(b). Under Count One, the government must prove that the defendant knew the access devices were counterfeit or unauthorized. Eleventh Circuit Pattern Jury Instructions (Criminal) 41.1, 41.2 (2010). A counterfeit access device includes one that has been altered or forged. *Id*. Under Count Two, the government must prove the defendant knowingly possessed the access devices and that he knew the credit card numbers with which the access devices were re-encoded belonged to another actual person. *Id*. Instruction 40.3. The government intends to introduce the challenged evidence to prove the defendant's knowledge. (Doc. 28 at 4, 8, 9, 10).[1]

The government's proffer does not indicate that the prior incidents will tend to show that the defendant knew the credit card numbers on the access devices at issue herein belonged to real persons. Indeed, the proffer does not represent that the gift cards involved in those incidents had been encoded with numbers belonging to real persons to begin with.

But the government's proffer does reflect that the prior incidents will tend to show that the defendant knew the access devices at issue herein had been

---

[1] While the government also mentions intent (which is another permissible use of extrinsic evidence under Rule 404(b)), it clarifies that "the intent element at issue here is knowledge." (Doc. 28 at 8). Accordingly, the Court does not consider whether the proffered evidence could be admitted under Rule 404(b) to prove intent rather than knowledge. This order does not preclude that possibility.

2

altered. The Villa Rica incident includes the defendant's confession that he knew the gift card at issue therein was fraudulent. (Doc. 28 at 5-6). The Emerson incident similarly includes the defendant's acknowledgment that the gift cards at issue therein (and others to which he referred, in a practice dating back almost a year) were re-encoded. (*Id*. at 6-7). The government's proffer as to the Morrow incident is more ambiguous[2] but, in light of the Villa Rica and Emerson incidents, the Court need not resolve on the present motion whether the government may rely on the Morrow incident.[3] At least as to the Villa Rica and Emerson incidents, the evidence satisfies the first *Matthews* requirement.

As noted, the defendant does not challenge the government's ability to satisfy the second prong of the *Matthews* test. Based on its proffer, it appears the government will produce sufficient evidence for the jury to find the extrinsic acts were committed.

As for the third prong, "[t]o determine whether the evidence is more probative than prejudicial, a district court must engage in a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009) (internal quotes omitted).

All three of the Georgia incidents occurred less than 2½ years before the charged conduct herein. (Doc. 28 at 5-6). This temporal proximity weighs

---

[2] The defendant was found with three re-encoded cards in his possession. Unlike with the other incidents, the defendant did not admit knowing the cards were re-encoded, although he did state he had bought the cards on the street at a steep discount from face value. (Doc. 28 at 5).

[3] The government also references an Ocean Springs incident but denies it will address this incident at trial. (Doc. 28 at 7).

heavily in favor of admissibility.[4]  Likewise, the prior incidents are extremely similar to the circumstances of this case, in that each involves the defendant's use of a re-encoded access device to obtain goods and/or services.[5]  And the difficulty of proving a mental state such as knowledge, *Matthews*, 431 F.3d at 1312, reflects prosecutorial need for the extrinsic evidence.

The foregoing discussion reflects that the government's evidence is proper under Rule 404(b) and relevant under Rule 402.  The defendant's only nod to Rule 403 is to list the reasons that rule provides for excluding otherwise relevant evidence, without any effort to show that any of those reasons apply here.  Given that "Rule 403 is an extraordinary remedy[,] which should be used only sparingly," *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (internal quotes omitted), the defendant's failure to justify relief under that rule is fatal.

Pursuant to local rule, the government was to "advise the defendant of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b)," at arraignment or at such later date as established by the Court.  Local Rule 16.13(b)(1)(H).  The defendant was arraigned on June 26, 2013, (Doc. 8), and it appears no alternate date for making Rule 16.13(b)(1) disclosures was set by the Magistrate Judge.  (*Id*.).  The government filed its 404(b) notice on August 20, (Doc. 23), although it verbally advised defense counsel on August 13.  (Doc. 26 at 3).  The defendant moves to strike the notice as timely and to exclude all such evidence on that ground.  (*Id*.).

The government responds that, at arraignment, it had no 404(b) evidence to share.  It eventually obtained such evidence but, because the defendant indicated in late July his intent to plead guilty, the government did not file a 404(b) notice.

---

[4] *E.g., Cochran*, 683 F.3d at 1321 (gap of five years favored admissibility); *Brown*, 587 F.3d at 1091 (gap of six years favored admissibility); *Matthews*, 431 F.3d at 1312 (gap of eight years favored admissibility).

[5] The defendant is not charged with use of a counterfeit access device under 18 U.S.C. § 1029(a)(1), but it was such a use that led to his arrest.  (Doc. 28 at 1-2).

4

Within 24 hours of the defendant's withdrawal of his notice of intent to plead guilty, the government filed its notice. (Doc. 28 at 3). It does not appear from this rendition that the government's filing was tardy. Moreover, the notice was filed 20 days before the trial date (with oral notice a week earlier), and all discoverable material was provided defense counsel no later than August 26, fourteen days before trial. (*Id*. at 4). The defendant does not assert that he has been prejudiced by the timing of the disclosures. Without prejudice, the evidence is not to be excluded on grounds of untimely disclosure. *E.g., United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996).

For the reasons set forth above, the defendant's motion in limine and to strike is **denied**.

DONE and ORDERED this 29th day of August, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE